UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THOMAS CURTIS,

    Plaintiff(s),

v.

HARBOR ISLAND,

    Defendant(s).

Case No.: 2:20-cv-02066-APG-NJK

**REPORT AND RECOMMENDATION**

District courts have the authority to dismiss cases *sua sponte* without notice to the plaintiff when he "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).[1] A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies,

---

[1] When a plaintiff seeks to proceed *in forma pauperis*, courts screen the complaint to ensure that a claim for relief has been stated. 28 U.S.C. § 1915(e). Here, Plaintiff filed an incomplete application to proceed *in forma pauperis*. *See* Docket No. 1. Given the Court's separate ability to dismiss the complaint pursuant to the authority cited above, however, the Court need not address whether Plaintiff qualifies to proceed *in forma pauperis* before dismissing his case.

unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).[2]

Plaintiff's complaint consists of three sentences, alleging an altercation with an apartment security guard regarding groceries that were placed on a wall. *See* Docket No. 1-1 at 1. Plaintiff asserts that these allegations show violations of United Nations treaties regarding bio terrorism and nuclear weapon use. *See id.* Plaintiff seeks $1,000,000 in damages. *See id.* at 3. The complaint is frivolous and delusional, and does not state a claim upon which relief can be granted.[3]

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** with prejudice.[4]

Dated: December 16, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[2] Courts have a duty to construe *pro se* filings liberally. *E.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

[3] Plaintiff does not bring a simple assault claim against the security guard. Even if he had done so, there would likely be no subject matter jurisdiction to hear such a claim.

[4] Plaintiff has previously filed suit that resulted in a dismissal with prejudice as being delusional. Case No. 2:16-cv-01586. Plaintiff has more recently filed numerous cases in this courthouse, in addition to this case. *See* Case Nos. 2:20-cv-2260, 2:20-cv-02090, 2:20-cv-2094, 2:20-cv-2127, 2:20-cv-02132, 2:20-cv-2133, 2:20-cv-2134, 2:20-cv-2252. Some of those cases may also be dismissed as delusional. *E.g.*, Case No. 2:20-cv-02094, Docket No. 3 (report and recommendation). Plaintiff is cautioned that filing frivolous cases may result in a finding that he is a vexatious litigant.